## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:11-cv-00009-GZS |
| | ) |
| JEFFREY BELANGER, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS
## & MOTION TO STRIKE

Before the Court are the Motion to Dismiss Counterclaim (Docket # 7) and Motion to Strike Defendant's Joinder Request (Docket # 8) by Plaintiff United States of America. As explained herein, the Court GRANTS both motions.

## I.   PROCEDURAL & FACTUAL BACKGROUND

On January 10, 2011, the United States filed suit on behalf of itself and the United States Department of Navy against Mr. Belanger for allegedly removing scrap metal from the Portsmouth Naval Shipyard—while working there as an employee of a private company—and selling it without authorization to a metal yard for $16,547.72. Asserting common law claims of unjust enrichment and conversion, the Government seeks in this civil enforcement action to recover from Mr. Belanger the value of the scrap metal plus interest, costs and other relief as the Court may deem just and proper. (See Am. Compl. (Docket # 13).)[1]

In his Answer to the Government's initial Complaint, Mr. Belanger—who is represented by counsel—denied all of the material allegations levied against him, asserted a counterclaim against the Government for unjust enrichment, and alleged, pursuant to Federal Rule of Civil

---

[1] In its original complaint, the United States asserted a single count of unjust enrichment. (See Compl. (Docket #1).). The Government then sought leave to amend their complaint to add a second conversion count, which this Court granted without objection on March 24, 2011. (See Order (Docket # 11); Am. Compl. at PageID # 42.)

Procedure 19, that the Government "fail[ed] to join" two required individuals—his supervisor, Andy Collins, and co-worker, Linda Rice. (See Answer (Docket # 4) at PageID #s 10-11.)[2] The Government now moves to dismiss Mr. Belanger's Counterclaim and strike his Joinder Request. Mr. Belanger has opposed the Government's Motion to Strike (see Def.'s Opp'n to Mot. to Strike (Docket # 15)), but failed to respond to the Motion to Dismiss within the twenty-one day period required under Local Rule. See D. Me. Loc. R. 7(b). The Court addresses each motion, in turn, below.

## II. DISCUSSION

### A. Motion to Dismiss Counterclaim

The United States has moved to dismiss Defendant's Counterclaim for unjust enrichment, contending that Defendant's pleadings fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As Defendant has not responded to Plaintiff's Motion to Dismiss, the Court may simply "grant the motion without further ado, as long as it does not offend equity to grant the unopposed motion to dismiss." Deveney v. Story, No. 2:10-cv-00356, 2010 WL 4955726, at *1 (D. Me. Nov. 30, 2010) (citing ITI Holdings, Inc. v. Odom, 468 F.3d 17, 19 (1st Cir. 2006); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002)); see also D. Me. Loc. R. 7(b) ("Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."). Here, the Court need not base dismissal solely on Defendant's waiver because Defendant's Counterclaim in no way states a "plausible" claim to relief. Ashcroft v. Iqbal, --U.S.--, --, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint

---

[2] Neither the Counterclaim nor the Joinder Request are included in Mr. Belanger's Answer to the Government's Amended Complaint, in which he instead asserts a number of additional affirmative defenses. (See Answer to Am. Compl. (Docket # 14).)

2

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[3]

"The Maine Law Court has 'consistently held that a claim for unjust enrichment is established with proof that (1) the claimant conferred a benefit on the receiving party, (2) the receiving party had appreciation or knowledge of the benefit, and (3) acceptance or retention of the benefit was under circumstances that make it inequitable for [the receiving party] to retain the benefit without payment of its value.'" Lariviere v. Bank of New York, Civ. No. 9-515, 2010 WL 2399583, at *7 (D. Me. May 7, 2010) (quoting In re Estate of Anderson, 988 A.2d 977, 980 (Me. 2010) (internal punctuation and additional citation omitted)). In his Counterclaim for Unjust Enrichment, Defendant asserts the following: he "worked on a secure facility and at no time entered or left the base without authorization;" even though it was Defendant's job to move containers into and out of the Shipyard, it was the Government, not Defendant, who had responsibility for and determined what was placed in these containers; and the Government "did not pay for the containers placed by Hong [Environmental, Defendant's employer,] which saved the [Government] substantial monies." (Answer at PageID #s 10-11.) On this basis, Defendant asserts that the Government "was unjustly enriched and is liable to account for and to pay said amounts as determined at trial," and "prays on his cause of action for Unjust Enrichment for the amount unjustly enriched to be offset against all amounts owed by the Defendant as alleged herein to be determined at trial." (Id. at PageID # 11.)

---

[3] The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, this short and plain statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal punctuation and citation omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557).

The Court agrees with the Government that Defendant's allegations simply are not "intelligible enough to put the individual defendant on notice of the 'who, what, when, and where' that underlie the" Counterclaim. Manuel v. City of Bangor, No. 09-cv-339, 2009 WL 3398490, at *3 (D. Me. Oct. 21, 2009). Moreover, to the extent the Counterclaim can be deciphered at all, the alleged "benefit conferred" is the benefit a third party—Hong Environmental—provided to the Government through the supply of containers for which the Government apparently did not pay. The pleadings never establish, however, what benefit, if any, *Mr. Belanger* conferred upon the United States. See, e.g., Lariviere, 2010 WL 2399583, at *7; Glenwood Farms, Inc. v. Ivey, 228 F.R.D. 47, 52 (D. Me. 2005). In short, Defendant's allegations do not create a plausible entitlement to relief.

As Defendant's Counterclaim is insufficient to state a claim of unjust enrichment, the Court GRANTS the United States' Motion to Dismiss.

B. Motion to Strike Defendant's Joinder Request

In his Answer to the Government's initial Complaint, Defendant has also requested the joinder Andy Collins and Linda Rice, without whom, he asserts, the "Court cannot afford complete relief to" him, because he otherwise will be "subject to incurring inconsistent obligations because of the interest." (Answer at PageID # 10.) More specifically, Defendant lays out the following:

> Plaintiff is aware and has knowledge that Andy Collins and Linda Rice, both employees of the Navy Shipyard at this time have a substantial interest and are substantially involved in the allegations as put forth herein by the Plaintiff. Andy Collins and Linda Rice, are both adults who work in Maine at the Navy Shipyard at this time which is the place where these allegations occurred and are subject to service of process and their joinder will not deprive the Court of subject matter jurisdiction. Andy Collins was the Defendant's supervisor who was directly responsible for Defendant's daily job duties on the Base and Linda Rice was a fellow driver who worked with the Defendant at the time of these allegations.

(Id.)  No further motion papers accompany this Rule 19 Joinder Request.  (See Docket # 5.)

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may assert, by motion, the "failure to join a party under Rule 19."  In the absence of such a motion, the Government has instead appropriately treated Defendant's request as akin to the assertion of an affirmative defense, subject to a motion to strike.  See Fed. R. Civ. P. 12(f) (on motion within twenty-one days after service of a pleading, the Court "may strike from a pleading an insufficient defense").

The Court agrees with the Government that here the "legal insufficien[cy]" of Defendant's so-called Joinder Request is "clearly apparent," and thus should be stricken.  Planalto v. Ohio Cas. Ins. Co., No. 07-142, 2008 WL 2116608, at *9 (D. Me. May 19, 2008) (quoting 5C C. Wright & A. Miller, Federal Practice and Procedure § 1381 at 428 (3d ed. 2004); FDIC v. Eckert Seamans Cherin & Mellott, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) (noting that a defense is "insufficient as a matter of law" if it "clearly appears" that the movant "would succeed despite any state of facts which could be proved in support of the defense") (citations omitted)). Here, all that is before the Court is that the named individuals "have a substantial interest" and "are substantially involved." (Answer at PageID # 10 ¶24.)[4]  Based on the limited and conclusory assertions contained in the pleadings, Defendant has failed to satisfy his burden of establishing that the absent individuals must be joined pursuant to Rule 19.  See 7 Charles Alan Wright et al. Federal Practice and Procedure §1609 at 129 (3d ed. 2001) ("The burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication.").  For, even the most liberal of interpretations merely suggests that Mr. Collins (Defendant's supervisor) and Ms. Rice (Defendant's "fellow driver") are perhaps joint tortfeasors—who, pursuant to the weight of authority, are permissive rather than required parties.

---

[4] Defendant attempts to provide some further detail in his Response to Plaintiff's Motion to Strike (see Docket # 15), but the Court limits its analysis to the pleadings.  The outcome of this Motion, however, remains the same even if the Court were to consider the additional factual information contained therein.

See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.") (citations omitted); Fed. R. Civ. P. 19 advisory committee's note (noting the "settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability"). As suggested by the Government, "Belanger remains free to assert his own claims against those individuals, on a permissive basis." (Pl.'s Mot. to Strike at PageID # 26.). And, of course, in the event that this case goes to trial, Defendant could always defend himself by asserting that these absent individuals ought to bear full responsibility.

In short, Defendant has failed to establish that Mr. Collins and Ms. Rice are Required Parties pursuant to Rule 19, and the Government's Motion to Strike is GRANTED.

## III. CONCLUSION

For the reasons explained herein, the Court GRANTS the United States' Motion to Dismiss Counterclaim (Docket # 7) and hereby DISMISSES the only counterclaim asserted against the United States. The Court also GRANTS the United States' Motion to Strike Defendant's Joinder Request (Docket # 8) and thereby DENIES Defendant's Motion for Joinder (Docket # 5).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 27th day of July, 2011.